GARRETT *et al.* *v.* REESE, ordinary, for use, etc.

The sureties upon the bond of a deceased guardian are liable to the ward for all the estate of the ward, of whatever nature, which came, or ought to have come, into the guardian's hands, and for all the profits thereof accruing while the guardian was in life and which were not accounted for by him. It is not, however, incumbent upon them, after the guardian's death, to take possession of and preserve the ward's estate, or to manage it for the purpose of making it produce an income for his benefit. These duties devolve upon the guardian's successor.
August 18, 1896.

Action on bond.    Before Judge Reese.    Hancock superior court.    August term, 1895.

*James A. Harley,* for plaintiffs in error.
*James Whitehead* by *Harrison & Peeples, T. M. Hunt* and *W. H. Burwell,* contra.

ATKINSON, Justice.

The questions made in this case arose out of an action instituted by the ordinary, who sued for the use of a guardian certain persons as sureties upon the official bond of the predecessor of the plaintiff in the guardianship. It was alleged that the former guardian qualified in the year 1882; that a considerable estate belonging to the ward went into her hands, consisting of real and personal property; it was alleged that she died intestate, and without accounting for the estate of her ward. Suit was brought against the sureties to compel an accounting. They filed a number of pleas denying liability. Upon the trial of the case the trial judge charged the jury, in effect, that upon the death of the former guardian, it was the duty of the sureties upon her official bond to take possession of the ward's estate, and manage it with the same prudence, care and diligence as the guardian was required to exercise in and about the preservation of the property, and in making it useful to the ward, as if their principal was in life and still charged with

the performance of that duty; that the sureties occupied the same position after the death of the guardian as the guardian occupied during her life, as far as her responsibility and duty to this ward and this property was concerned. The trial resulted in a verdict in favor of the plaintiff. A number of errors were alleged to have been committed.

1. Guardianship is a personal trust. Among other duties imposed by law upon guardians is the careful and prudent management of the ward's estate. This involves the exercise of at least ordinary and reasonable care in making the property of the ward productive. The duty thus imposed upon the guardian is a personal one which cannot be delegated, and for the performance of which not only he but his sureties are answerable. The guardianship, however, terminates with the death of the guardian. The duty to account of and concerning his trust continues, and the sureties can discharge themselves only by showing that in accordance with the terms of his bond, the principal, during the time the estate was committed to his care, has faithfully administerd the trust. If he were guilty of no negligence and no default in and about the management of the property of his ward resulting in loss during his life, they would not be answerable. They are, however, bound to answer for his management of the estate up to the time of his death, and to account, when called upon to do so, for the estate according to its value at that time, and as well for any damages resulting to the ward, or his estate, in consequence of the improvident or improper management of his property during the lifetime of the guardian. We know of no law which would give them the right to take possession of the estate of the ward upon the death of the guardian. They are not entrusted by law with the administration of that estate. They have not taken the oath required by law of guardians, and are therefore, under the law, not competent to enter upon the discharge of the duties

of guardian. If the law then confers upon them no right
to seize the estate and .proceed to administer it, it certainly
can impose upon them no duty to do it; and if no duty was
imposed upon them, they are not answerable in law for a
failure to perform such supposed duty. Under the view
we take of the law, the instruction of the trial judge, which
is complained of, was erroneous; for, under that instruction,
however faithful the guardian might have been during his
lifetime, and however accurately he may have accounted
of and concerning his trust, these sureties could not be re-
lieved, unless they showed to the satisfaction of the jury
that they had taken charge of the estate after the death of
the guardian, and administered it for the benefit of the
ward, as the guardian would have been required to have
done had he been still in life. Under such instructions, it
was scarcely possible for the jury to have arrived at a cor-
rect conclusion in the case, and the trial judge should have
granted a new trial.                *Judgment reversed.*