HANS C. HANSON, School Treasurer of Independent District of Holstein, Appellant, v. V. ROUSH and FRED C. Mc-CUTCHEON, Administrators of the Estate of E. H. McCUTCHEON, deceased, Appellees.

**Deposit of school funds:** INSOLVENCY: PREFERENTIAL CLAIMS.  A
1   deposit of school funds in a private bank is not wrongful in the sense that the banker becomes a trustee *ex maleficio,* so that upon insolvency a claim therefor against his estate will be given preference.

**Same.**  To give a deposit of school funds a trust character so that
2   the same may be established against the assets of an insolvent bank as a preferred claim, it must appear that the deposit has been preserved among the assets; and while it is not necessary to identify the precise money deposited, still it must be shown that the assets are greater on account of the deposit and may be withdrawn without prejudice to the other creditors.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH,
Judge.

TUESDAY, JULY 7, 1908.

THIS is a proceeding to establish a preferential claim
against the estate of E. H. McCutcheon, deceased, on account
of deposits made in a bank which McCutcheon owned at the
time the deposits were made and at the time of his death.
The trial court denied the relief asked, and plaintiff appeals.
— *Affirmed.*

*S. M. Elwood* and *J. B. Tourgee,* for appellant.

*Will E. Johnston* and *Johnston Bros.,* for appellees.

DEEMER, J.— Plaintiff was a school treasurer, and as
such made deposits in a private bank, of which the deceased,
McCutcheon, was owner, from time to time as occasion arose.
These were deposited in his name as treasurer of the school
district, and against these deposits he drew his checks from
time to time to pay bills against the district. The deposit
was a general one, and the funds were mingled with other
assets of the bank. The last deposit was made October 19,
1903, and McCutcheon died January 14, 1904. Between
these two dates other persons deposited with the bank some-
thing like $130,000. This amount, save about $1,200 found
in the bank when McCutcheon died, was all paid out or dis-
sipated during the interim. Upon the death of McCutcheon,
it was found that his bank had been insolvent for a long
time. He owed at that time $204,000, and his assets aggre-
gated about $100,000. Preferred claims to the amount of
over $30,000 were filed in the estate, against the $1,200 in
cash and other assets. The trial court found that plaintiff's
deposits had all been dissipated long before McCutcheon's

death, and that there was nothing against which to establish a preferential claim. The appeal is from this holding.

Under our more recent decisions the deposits made by
1. DEPOSIT OF SCHOOL FUNDS: insolvency: preferential claims. plaintiff were not wrongful; hence McCutcheon was not a trustee *ex maleficio*. See *Hunt v. Hopley*, 120 Iowa 695; *Officer v. Officer*, 120 Iowa, 389.

If any preference is to be allowed, it is because McCutcheon was a trustee of an express trust or by reason of the trust character of the deposit. Giving recognition to that
2. SAME. doctrine for the purposes of the case, it must appear by presumption or otherwise that the funds so deposited have been preserved in the hands of the administrators. It is not incumbent on plaintiff to identify the particular funds, for, as money has no earmarks, this would be practically impossible. But it must appear that the assets have been increased by these trust deposits, and that they may be taken therefrom without prejudice to the rights of other creditors. *Jones v. Chesebrough*, 105 Iowa, 303; *Bradley v. Chesebrough*, 111 Iowa, 126, and cases cited. The trial court found specially that there was no increase of funds in the hands of the administrators, and with this conclusion we are constrained to agree. The funds, when deposited, were commingled with the other funds of the bank. The bank was insolvent for many years. After plaintiff made his last deposit more than $130,000 were paid out by the bank, the bank was hopelessly insolvent and had been for a long time, and there is no showing as to where plaintiff's money went. That it had been dissipated without adding to the assets which came into the administrator's hands is very clear upon the record before us. Under the circumstances it would be inequitable to other creditors to give plaintiff a preference. *Page County v. Rose*, 130 Iowa, 296, is not in point. The deposit in that case was unlawful and not legal as in this case, and there was no such showing as in this case with reference to the assets of the bank. The case is ruled by the decisions already cited. Many of the

cases relied upon by appellant have been overruled or criticised, and others have been disapproved by us. Review of these cases is unnecessary, as the matter has been fully covered in the cases cited.

The decree is right, and it is *affirmed*.