HANS C. HANSEN v. THE INDEPENDENT SCHOOL DISTRICT
OF HOLSTEIN, IOWA, Appellant.

**Schools:** DEPOSIT OF DISTRICT FUNDS : LIABILITY OF TREASURER. A school
treasurer obligated by his bond to exercise reasonable diligence and
care in the preservation and disposal of moneys, securities and other
property of the district, is not guilty of any breach of official duty
in depositing funds of the district in a bank, so long as he acts in
good faith and without negligence in making such deposits.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH,
Judge.

TUESDAY, MAY 7, 1912.

ACTION to recover a sum of money alleged to be due
plaintiff under a contract with the defendant school dis-
trict, of which plaintiff was at one time the treasurer.
Defendant's answer, setting up facts relied upon to relieve
itself from liability to the plaintiff under the contract, was
demurred to by the plaintiff, and his demurrer was sus-
tained, and, on defendant's election to stand upon its an-
swer, judgment was rendered for the plaintiff, from which
the defendant appeals.—*Affirmed.*

*J. B. Tourgee,* for appellant.

*Johnston Bros.,* for appellee.

McCLAIN, C. J.—During plaintiff's term of office as
treasurer of the defendant school district, which extended
from March, 1902, until March, 1904, the plaintiff de-
posited in a certain bank moneys of the defendant district,
and on a settlement of his accounts with the defendant it

was found and agreed that on the failure of the bank during such term of office it had in its hands the sum of $732.61 of the defendant's money, deposited with it by the plaintiff as treasurer. Thereupon it was agreed that plaintiff should pay over to the defendant, as a part of his conditional settlement with it, this amount, and that defendant should prosecute a claim against the bank for such fund, and repay to plaintiff whatever amount should be recovered by it from the bank, and also repay any balance of the $732.61 not recovered from the bank, if it should be determined that plaintiff was not liable for the loss of funds due to the failure of the bank; it being admitted in the answer that plaintiff deposited such funds for safekeeping and subject to his check as treasurer at all times, and that at the time said deposits were made by plaintiff said bank was of good repute and considered solvent, and that plaintiff acted in good faith in making such deposits. The defendant prosecuted its claim against the estate of the insolvent bank on the theory that the deposit by plaintiff constituted a trust fund as to which the defendant was entitled to preferance over other creditors; but this claim was disallowed, and the defendant received from the estate of the bank only the share to which it was entitled as general creditor, to-wit, the sum of $116.48, which it turned over to plaintiff under the agreement.

The question now raised by the demurrer to defendant's answer is whether the plaintiff, as treasurer, misappropriated the funds of the defendant by making deposits of such funds in the bank, which subsequently became insolvent. The question here presented seems to have been conclusively adjudicated against the defendant in cases in which it has been held that the treasurer of a school district, obligated by his bond, given in accordance with the provisions of Code, section 2760, to "exercise all reasonable diligence and care in the preservation and lawful disposal of all moneys," securities, and other property "per-

taining to his office," is not guilty of any breach of official duty in depositing the funds of the district in a bank, so long as he acts in good faith and without negligence in making such deposit. *Hunt v. Hopley,* 120 Iowa, 695; *Hanson v. Roush,* 139 Iowa, 58; *Brown v. Sheldon State Bank,* 139 Iowa, 83. The cases now relied upon for appellant were considered in deciding the cases just cited, some of them being distinguished and others overruled. It would serve no useful purpose to rediscuss them, nor to elaborate the proposition involved by reference to the decisions in other states.

The judgment of the district court is *affirmed.*