INCORPORATED TOWN OF CONWAY et al., Appellees, v. W. A. CONWAY, Appellee, et al., Appellants.

OFFICERS: Liability on Bonds—Preferred Claims in re Deposits.
1 Sureties on the official bond of a town treasurer may not, when sued on the bond, have the treasurer's *general* deposits of public funds in an insolvent bank declared a preferred claim, especially when the demand for such preference was made for the first time long after the time had expired for the filing of claims with the receiver.

APPEAL AND ERROR: Appeal from Part of Judgment. An appeal
2 from part of a judgment will not permit the consideration of the part not appealed from.

OFFICERS: Rights, Powers, Etc.—Deposit of Funds. Principle reaf-
3 firmed that a town treasurer may legally deposit public funds in a private bank reasonably supposed by him to be solvent.

PRINCIPAL AND SURETY: Right of Surety to Have Preference.
4 The right of a surety of a town treasurer to have the treasurer's general deposit of public funds declared a preferred claim may not rise higher than the right of the treasurer to have such preference declared.

*Appeal from Taylor District Court.*—H. K. EVANS, Judge.

DECEMBER 31, 1920.

ACTION by the incorporated town of Conway and its treasurer against a former treasurer and the sureties on his bond, for the funds of said town not accounted for. The sureties on the bond answered, and, among other things, interposed a plea in abatement. Later, they asked that the receiver of the Conway Savings Bank, in which the moneys had been deposited, be made a party defendant, and then, by cross-petition, prayed that the claim, less dividends paid by the receiver, be established as a preferred claim. Judgment was entered against the treasurer and sureties on the bond for an unpaid balance, the cross-petition of the sureties on the bond dismissed, and an order entered that they be subrogated to any additional dividends de-

'clared by the receiver on the claim filed. Thereupon, the sureties perfected an appeal "from that part of the judgment of the district court entered in this cause on the 3d day of June, 1920, whereby the cross-petition of the defendants Henry Burge and Oliver Anderson against W. E. Crum, receiver of the Conway Savings Bank, was dismissed."—*Affirmed*.

*W. M. Jackson* and *M. R. Brant,* for appellants.

*R. T. Burrell, H. P. Jaqua,* and *Frank Wisdom,* for appellees.

LADD, J.—W. A. Conway was appointed treasurer of the incorporated town of Conway, April 20, 1916, and thereafter duly qualified as such. His official bond as such treasurer, in the sum of $1,500, was signed by Henry Burge and Oliver Anderson, as sureties. The funds coming into his hands were deposited with the Conway Savings Bank in the name of the "town of Conway." On April 20, 1918, demand was made by the town and by his successor as treasurer, for all moneys of the town received by him and not paid out on warrants as treasurer. At the time this money was deposited, Conway was cashier of the bank, Anderson was its president, and Burge was one of its directors; and they were aware, at the time of executing the bond, that he intended to keep the funds of the town in said bank. All believed the bank solvent, though it was then insolvent, and a receiver was appointed to take possession of its assets on May 23, 1918. On July 8th following, the town, with its treasurer, Cooper, filed a claim with the receiver for $833.80, which was allowed as a general claim against the estate, no claim to preference being asserted. As Conway failed to pay upon demand, this action was brought against the treasurer and sureties, praying judgment against the sureties on his bond. He did not answer; but his sureties, on October 11, 1919, moved that the receiver be made a party defendant, and filed a cross-petition, December 16th of the same year, praying that the unpaid balance be given preference, and paid in full from the assets in the hands of the receiver. The answer of the receiver

1. OFFICERS: liability on bonds: preferred claims *in re* deposits.

put the allegations of the cross-petition in issue. It appears from the facts stipulated that the funds on deposit in the bank, passing to the receiver, amounted to $8,418.33, and were not sufficient to pay the creditors in full; that an order entered by the district court on July 27, 1918, directed that all claims not filed with the receiver on or before the first day of September, 1918, should be barred from participating in the assets of the bank; and that no claim was asserted by the sureties prior to filing their cross-petition, over one and one-half years after the appointment of a receiver, and over 14 months subsequent to the above order. The money received by Conway as treasurer, when deposited, passed to and became a part of the general assets of said bank, of which he was the cashier, and, "at the respective dates of deposit, swelled the general assets of the bank in the amount so deposited, and commingled with the general deposits, and indistinguishable from the funds created by other depositors." Dividends amounting to $365.90 had been declared by the receiver, and applied on the amount sued for.

I.  Only two rulings are complained of, the first being that part of the judgment which, in effect, overruled the plea in abatement, because of another action pending. The appeal does not include this phase of the judgment; for the notice of appeal limits the same by specifying that it is "from that part of the judgment of the district court entered in this cause * * * whereby the cross-petition of the defendants Henry Burge and Oliver Anderson against W. E. Crum, receiver of the Conway Savings Bank, was dismissed." The only question for our consideration, then, is the ruling denying the preference claimed by the sureties. See Section 4113 of the Code.

2. APPEAL AND ERROR: appeal from part of judgment.

Were the sureties entitled to preference in the payment of the amount owed by the bank to the incorporated town? Section 660 of the Code defines the duties of the treasurer of an incorporated town, but contains no provision for depositing in a bank, for safe-keeping, the funds coming into his hands. Section 660-a of the Code Supplement, 1913, does not include treasurers of incorporated towns.

Notwithstanding such omission, the treasurer had the right to deposit the funds of the town in some bank believed by him,

acting as a person of ordinary prudence, to be reasonably safe
and trustworthy. *Hunt v. Hopley,* 120 Iowa
695; *Officer v. Officer,* 120 Iowa 389; *Hanson v. Roush,* 139 Iowa 58; *School Township of Eden v. Stevens,* 158 Iowa 119. Negligence in leaving the money with this particular bank is not charged. The contention is that depositing at all was contrary to law, as was held in *District Twp. of Eureka v. Farmers' Bank of Fontanelle,* 88 Iowa 194; *Independent District v. King,* 80 Iowa 497; and other like decisions. These have been overruled by the cases previously cited. In *Page County v. Rose,* 130 Iowa 296, tax receipts were sent to the county for collection, but the proceeds never deposited; and this is what distinguishes it from the causes first cited. The deposit was not wrongful; and therefore the bank took the funds, not as trustee, but as money due on demand. *Hanson v. Roush,* 139 Iowa 58; *Brown v. Sheldon State Bank,* 139 Iowa 83; *Hansen v. Independent School Dist.,* 155 Iowa 264; *School Twp. of Eden v. Stevens,* 158 Iowa 119; *State v. First St. Bank,* L. R. A. 1918A, 394, and note; *State v. Williams,* 101 Md. 529 (1 L. R. A. [N. S.] 254, 109 Am. St. 579, 4 Ann. Cas. 970).

3. OFFICERS: rights, powers, etc.: deposit of funds.

On the other hand, if it be conceded that Conway acted recklessly or carelessly in depositing the funds in the bank of which he was cashier, in that, if he did know, or, as an ordinarily cautious and prudent person, should have known of its insolvency, then, as wrongdoer, he was not in a situation to assert a claim to preference, and the sureties on his bond, as they necessarily must rest any right thereto on his relation to the fund, are not entitled to preference. They are entitled to subrogation to any right he may have had, and this was accorded to them in the decree directing subrogation to his right to any additional dividends declared by the receiver on the claim of the town. See *Brown v. Sheldon St. Bank,* supra; *Heuser v. Sharman,* 89 Iowa 355. We discover no error, and the judgment is—*Affirmed.*

4. PRINCIPAL AND SURETY: right of surety to have preference.

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.