TOWN OF DANBURY et al., Appellants, v. ALBERT J. RIEDMILLER et al., Appellees.

No. 39118.

JUNE 24, 1929.

*Henderson, Fribourg, Hatfield & Fribourg,* for appellants.

*Shull, Stillwill, Shull & Wadden,* for Fidelity & Deposit Company of Maryland, appellee.

*Griffin, Griffin & Griffin,* for Albert J. Riedmiller, appellee.

FAVILLE, J.—Riedmiller was elected treasurer of the town of Danbury at the spring election in 1924. He qualified as such treasurer, and executed a bond with the Fidelity & Deposit Company of Maryland as surety. The funds belonging to said town were delivered to Riedmiller, as treasurer, who deposited them in the Danbury Trust & Savings Bank. The bank closed on June 4, 1924, at which time there was on deposit of said funds a sum in excess of $6,000. The bond in question was in exact conformity with the provisions of Section 1183 of the Code of 1897, which was in effect at the time, respecting bonds of public officers.

I. It is contended that the treasurer acted unlawfully in making the deposit in a bank which was not designated as a depositary by the town council, and in not securing a depositary bond, as required by Section 5651 of the Code of 1924. Said section was not a part of the statute at the time of any of the transactions involved in this case. Said statute did not become effective until midnight of October 27, 1924. *Clingingsmith v. Jackson Dairy Co.,* 202 Iowa 773; *State for Use of City of Grinnell v. Carney,* 208 Iowa 133. The statute existing prior to that time contained no such provisions respecting deposits to be made in depositary banks by treasurers of incorporated towns. *Incorporated Town of Conway v. Conway,* 190 Iowa 563.

II. The bond contains a provision that:

"The sureties on such bond shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of such office."

This provision is included in Section 1183 of the Code of

1897, supra, and was incorporated in the bond in the instant case. It is now made a separate section of the statute (Code of 1927, Section 1060). It is argued that, under this pro-vision, the sureties became, in effect, guarantors or insurers of all funds that came into the hands of the town treasurer, and that the sureties on such a bond were liable for all money or public property coming into the hands of said officer, no matter whether the officer breached the conditions of his bond or in what manner the funds coming into his hands may have been lost. As appellants construe this statute, the effect is that, if the town treasurer exercised proper care and diligence in caring for the town funds, and they had been destroyed by fire, through no fault of his, the sureties on the bond would still be liable; or if, while he was exercising due care in the preservation of the funds, they should have been stolen from the town treasurer, the sureties would be liable. We cannot acquiesce in this contention. This provision was a part of the bond, and all of the provisions must be construed together. It is an official bond, and the sureties are liable for the full amount of all public moneys that come into the hands of the treasurer and which he fails to account for in accordance with the provisions of said bond, but not otherwise. Neither the statute nor the bond makes the sureties thereon insurers or guarantors of the funds that come into the hands of the treasurer. The sureties are liable for a breach of the terms and conditions of the bond on the part of the town treasurer, and not otherwise.

III. The sole remaining question for our determination is whether or not there has been a breach of the conditions of said bond. It appears that the treasurer was the assistant cashier of the bank in which the funds were deposited. His duties appear to have been limited mainly to performing the functions of a bookkeeper and janitor. He was not a director of the bank, and was not authorized to make loans. The evidence affirmatively established that he had no knowledge or notice that the bank was insolvent, or in any danger of closing. The deposits were made in good faith, and there is no such showing in the record as could charge the treasurer with negligence in making said deposits. Under the law as it existed at the time and under the record in this case, it must be held that the deposit by the treasurer in the

bank was not an unlawful deposit, and that there was no breach of the treasurer's bond by the making of said deposit and the subsequent loss of the funds through the failure of the bank. As bearing on the question, see *Incorporated Town of Conway v. Conway*, supra; *In re Estate of Ring*, 132 Iowa 216; *Officer v. Officer*, 120 Iowa 389; *In re Estate of Workman*, 196 Iowa 1108; *Hansen v. Independent Sch. Dist.*, 155 Iowa 264; *School Township v. Stevens*, 158 Iowa 119; *Prudential Ins. Co. v. Hart*, 205 Iowa 801; *Hunt v. Hopley*, 120 Iowa 695.

The judgment of the district court was correct, and it is—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.