CLARK, guardian, *v.* NATIONAL SURETY COMPANY.

HUTCHESON, Justice. 1. The allegations that the former guardian had died, that his estate was unrepresented, and that neither he nor his surety had ever accounted with his ward, or with any other person authorized to receive it for any part of the ward's estate, did not show a devastavit or breach of the bond given by such former guardian. There could be no recovery upon a bond of such guardian without allegation and proof of a devastavit by him. *Ray* v. *Justices,* 6 *Ga.* 303 (2); *Justices of Inferior Court of Morgan Co.* v. *Woods,* 1 *Ga.* 84 (2); *United States Fidelity &c. Co.* v. *Davis,* 2 *Ga. App.* 525 (58 S. E. 777); *Garrett* v. *Reese,* 99 *Ga.* 494 (27 S. E. 750).

2. The enactment of the law contained in section 3054 of the Code of 1910 did not change the rule as to the necessity of showing a devastavit in such case. That section merely prescribes when suits may be instituted against the surety without joining the guardian, and has no reference to what is necessary to show a cause of action.

3. For the reasons stated above, the Court of Appeals properly reversed the judgment overruling the general demurrer. In this view it is unnecessary to pass upon other questions raised by the petition for certiorari.

It is directed, however, that the rulings by the Court of Appeals on such questions will not have the effect of estoppel or res adjudicata.

*Judgment affirmed. All the Justices concur.*

No. 10261. JANUARY 21, 1935.

*Highsmith & Highsmith* and *D. M. Clark,* for plaintiff.

*M. E. Wood, E. W. Moore,* and *Walter McDaniel,* for defendant.

