REINHOLD KIES, Guardian, Appellee, v. H. F. BROWN AND WILLIAM CLAUSSEN, Appellants.

No. 43257.

SEPTEMBER 22, 1936.

E. A. Wissler, for appellee.

Ross Sifford, Salinger, Reynolds & Meyers, and Carr, Cox, Evans & Riley, for appellant.

STIGER, J.—This is a suit by the guardian of Anna Kies, appointed September 6, 1932, against H. F. Brown, surety on the guardian's bond of C. M. Herrig, former guardian, who died May 5, 1924, for breach of the bond by the principal.

Plaintiff alleges that C. M. Herrig was appointed guardian of Anna Kies in April, 1920; that at the time of the death of said guardian he had in his hands the sum of $1,760, belonging to his ward which has never been accounted for by the guardian or his executrix.

Plaintiff further states that said guardian did not exercise reasonable diligence in the care and preservation and lawful disposal of all money appertaining to his office and that said money has not been turned over to the plaintiff, successor to said guardian, and that under the terms of said bond the sureties thereon are liable for such money coming into the hands of the guardian; that said guardian deposited the funds in a bank in which he was employed in Wall Lake, Iowa, and that in making said deposit the guardian C. M. Herrig was guilty of negligence.

Mr. Herrig gave the statutory bond required by Code section 12577.

No service of notice was obtained on defendant, William Claussen.

A jury was waived and trial had to the court.

The trial court after reviewing the evidence made the following finding:

"The court finds that after the demise of the said guardian, C. M. Herrig, neither one of the sureties on the bond of said guardian made any attempt to have a guardian appointed to succeed the former deceased guardian, C. M. Herrig. That the depositing of said guardianship funds in the said Farmers State Bank *after the death* (Italics ours) of the former guardian, C. M. Herrig, on time certificates of deposit bearing interest and the renewing of same each year was all done without authority of the court and was therefore wrongful and that all such wrongful acts were all made possible because the sureties on the bond of the said former guardian, C. M. Herrig, at no time made any application for the appointment of a guardian to succeed the former deceased guardian, C. M. Herrig, and at no time made any move to safeguard the funds belonging to said guardianship, and therefore said sureties remained liable for the funds belonging to said guardianship."

On October 2, 1934, a judgment was entered on the findings of the court against defendant, H. F. Brown as surety on the guardian's bond, in the sum of $2,002.73, from which judgment the defendant appeals.

The history of this guardianship is as follows: In April, 1920, C. M. Herrig, cashier of the Farmers State Bank, Wall Lake, Iowa, was appointed and qualified as guardian of Anna Kies, a minor eight years old. The property of the ward consisted of $1,760, which the guardian deposited in said bank. Whether or not this deposit was authorized by a court order is not disclosed.

On April 30, 1923, the guardian filed a report showing the sum of $1,760 in his possession belonging to his said ward and on deposit in said bank.

The ward was in the custody of her father, Reinhold Kies, and Mr. Herrig as guardian paid the interest on the fund to the father for the care and education of his daughter.

Mr. Herrig died on May 5, 1924, at which time the guardianship property consisted of a certificate of deposit for $1,760 in the said Wall Lake Bank. His wife, Luella Herrig, was appointed executrix of his will, duly qualified, and said estate has

not been closed. The estate was solvent until about the year 1930.

After the death of Mr. Herrig the certificate of deposit was cashed by Reinhold Kies, father of the ward, who secured a new certificate of deposit payable to the guardian of Anna Kies in the sum of $1,760, which was renewed each year by Mr. Kies, until the bank closed in August 1932. During all of this time the interest on the certificates was paid to Kies who used it for the care and education of his daughter, Anna.

Until May 1930, the certificates were kept in a safety deposit box in the bank which was in the name of Anna Kies and her two minor sisters, Viola and Mabel Kies, and were made payable to guardian of Anna Kies, a minor. At this time Anna was eighteen years of age. Her father believing she had reached her majority, had the renewal certificates of deposit issued May 8, 1930, made payable to Anna Kies. The renewal certificates of 1931 and 1932 were also payable to Anna Kies.

Reinhold Kies admits he had possession of the certificates issued in May 1932, until the bank closed.

There is a conflict in the evidence as to whether Kies had possession of the 1930 and 1931 certificates or whether they were in the safety deposit box. Anna was informed the certificates were in her name after May 8, 1930.

The bank closed in August 1932, and at that time the certificate of deposit dated May 20, 1932, was in the possession of Reinhold Kies.

In September 1932, eight years after the death of Mr. Herrig, Reinhold Kies was appointed guardian of his daughter, Anna Kies.

In December 1932, this suit was commenced and in February 1933, Anna became of age.

From the date of the death of Mr. Herrig in 1924, to the date of the appointment of Reinhold Kies as guardian in 1932, Kies was the natural guardian of his daughter Anna and having taken possession and control of her property became her de facto guardian.

The propositions relied on by the plaintiff are:

(1) That guardian Herrig did not exercise reasonable diligence in the care and preservation and lawful disposal of all money in his hands as guardian and failed to turn the same over

to the plaintiff and that under the terms of the bond the sureties are liable for such money coming into the hands of the guardian.

(2) That it was the legal right and duty of the surety on this bond to petition the court for the appointment of a guardian after the decease of Herrig.

(3) That the defendant Brown as surety was liable to account for the funds which were shown to have come into the hands of his principal even though such loss might have occurred after the death of the principal and during the minority of the ward.

Appellee especially relies on the following provision of the bond:

"And the sureties on such bond shall be liable for all money or public property that may come into the hands of such officer at any time during his possession of the office."

We cannot sustain these propositions nor the judgment of the trial court.

I. We now give our attention to the first proposition relied on by the plaintiff. The record does not show whether or not Mr. Herrig obtained a court order authorizing the deposit of the funds in the bank. The certificate of deposit held by Herrig as guardian was identical in words and punctuation with the certificates taken out by Kies during the time he assumed to act as guardian for his daughter, Anna.

The certificate of deposit secured from the bank by Kies, May 11, 1931, reads as follows:

"CERTIFICATE OF DEPOSIT
" (Interest Certificate)
"FARMERS STATE BANK No. 8161
"Wall Lake, Iowa, May 11, 1931, $1830.40
"Anna Kies has deposited in this bank the sum of $1830 and 40 Cents Dollars, payable to the order of herself in current funds on the return of this certificate properly endorsed. 12 months after May 8, 1931, with interest at 4 per cent per annum for the time specified only" etc.

██ The trial court erred in holding that the certificate of deposit held by Herrig at the time of his death was a time deposit. The certificate was a deposit payable on demand and not a loan or an investment of the funds of his ward. Partch v.

Krogman, 202 Iowa 524, 210 N. W. 612; In re Guardianship of Fahlin, 218 Iowa 121, 254 N. W. 296.

There is no evidence that Mr. Herrig was negligent in making the deposit. After his death the certificate was cashed by Mr. Kies and a new certificate taken out by him payable to the guardian of Anna Kies.

■■■ The purpose of a guardian's bond is to insure faithful discharge of the duties of the guardian and protect the ward from loss or damage for breach of duty. In order to recover not only must the duty of the guardian and the breach be shown, but resulting loss must appear. Baitinger v. Ellmore, 208 Iowa 1342, 227 N. W. 344.

The death of the guardian terminated the guardianship. Brown, as surety, was not liable for the acts done after the death of his principal.

There was no breach of the bond by Herrig nor damage caused by him to the estate during his life time. If a claim had been filed against his estate in 1924, there could have been no recovery because there was no damage caused by him to the guardianship estate.

The bank was solvent until August 1932.

II. Plaintiff appellee further contends that the defendant Brown is liable to account for the funds even though the loss occurred long after the death of Mr. Herrig, his principal, and that it was his duty to petition the court for the appointment of a guardian after the decease of Herrig.

The trial court sustained this contention. The court found in substance that the deposit of the guardianship funds in the bank after the death of the former guardian Herrig and the renewal of the certificates each year were without authority of court and were therefore wrongful, and that all such wrongful acts were made possible because the sureties on the guardian's bond did not apply for the appointment of a guardian to succeed the deceased guardian Herrig and because they did nothing to safeguard the funds and therefore the sureties remained liable for the property of the guardianship.

■■■ We cannot agree with the conclusion of the trial court. It was Kies who, after the death of Herrig, took possession of the funds and deposited them in the bank. The deposit and the renewal of the certificates were wrongful because he had made himself a guardian de son tort and not because he had failed to

secure an order of court. He was not under the jurisdiction of the court. Neither Herrig nor his estate was responsible for the wrongful acts of Kies.

The guardianship was terminated by the death of the guardian.

On the death of Herrig the funds passed to the executrix of his estate in trust and it was the duty of the executrix to report the situation to the court and deliver the funds to the person designated by the court.

Appellant Brown, as surety, had no right to take possession of the ward's estate upon the death of the guardian nor to administer the estate. He was answerable only for loss to the ward's estate caused by the guardian during his lifetime. Garrett v. Reese, 99 Ga. 494, 27 S. E. 750.

It was the duty of the clerk of the district court to report to the presiding judge of Sac County on all estates wherein reports were due. Code section 11845. If this had been done we may assume the court would have appointed a successor to Herrig within a reasonable time after his death and that the trust would have been properly administered.

In February 1926, two years after the death of Herrig, and the assumption of the duties of a guardian by her father, Reinhold Kies, Anna Kies reached the age of fourteen years. From that date she had the privilege of selecting her guardian and for the purpose of the selection of a guardian of her property she reached her majority at the age of fourteen years. Nassen v. Anfenson, 181 Iowa 134, 163 N. W. 577; Code section 12576.

From February 1926, to August 1932, her father acted as her de facto guardian and was liable to her for any damage or loss to her estate caused by him. She consented to his acting as such guardian and during all of this time she had the right to petition for his appointment as her guardian and change his status from a de facto to a de jure guardian and have her estate protected by an adequate guardian's bond. She had knowledge that her property was deposited in the bank long before it closed. She was satisfied with the situation until the bank closed. The responsibility for loss to the estate occasioned by the closing of the bank in 1932, cannot be placed on Mr. Brown, as surety on Herrig's guardianship bond.

The law provided the means and methods of safeguarding the funds of this guardianship, but on the facts of this case, it

has placed no liability on appellant Brown for the loss to the guardianship estate.

A contract creating obligations against a surety must be strictly construed and his liability cannot be enlarged by implication. Schoonover v. Osborne, 108 Iowa 453, 79 N. W. 263; Merchants National Bank v. Cressey, 164 Iowa 721, 146 N. W. 761; Conley v. Jamison, 205 Iowa 1326, 219 N. W. 485, 59 A. L. R. 835.

The obligations and liability of Brown as surety were delimited by the bond. In holding that Brown was under a duty to apply for a guardian in 1924, to succeed Mr. Herrig and that his failure to do so caused a loss to the estate by the failure of the bank and rendered him liable to the ward, the court cast a burden on him not contained in or contemplated by the bond. There was no privity between Brown as surety on the bond and the executrix of the estate nor between Brown and Kies the de facto guardian.

Brown was not an insurer of the funds that came into the hands of his principal. Town of Danbury v. Riedmiller, 208 Iowa 879, 226 N. W. 159.

The case of Farrington v. Secor, 91 Iowa 606, 60 N. W. 193, relied on by appellee is not in point.

The liability for this loss to the guardianship estate must fall elsewhere than on the defendant H. F. Brown.

The judgment of the trial court must be and is reversed.— Reversed.

PARSONS, C. J., and MITCHELL, ALBERT, DONEGAN, and HAMILTON, JJ., concur.