L. A. ANDREW, State Superintendent of Banking, Appellee, v. STATE BANK OF NEW HAMPTON, Appellee; COUNTY OF CHICKASAW et al., Appellants.

**TRUSTS:** Establishment—Deposit of Official Funds. A deposit in a
1  bank by a clerk of the district court of his official funds (known to be such by the bank) does not make the bank a trustee of the county or of its treasurer. (See Book of Anno., Vol. II, Sec. 9239.)

**BANKS AND BANKING:** Trust Funds—Negativing Augmentation of
2  Assets. The fact that the cash-balance in a bank after the receipt by the bank of trust funds never dropped below the amount of such trust is of no avail to the beneficiary of the trust when the further fact affirmatively appears that the trust funds were, immediately upon their receipt, used by the bank in the payment of its debts.

Headnote 1:  7 C. J. pp. 749, 751.  Headnote 2:  7 C. J. p. 752.

Headnote 1:  3 R. C. L. 555, 556.  Headnote 2:  L. R. A. 1916C, 1, 21.

*Appeal from Chickasaw District Court.*—H. E. TAYLOR, Judge.

NOVEMBER 22, 1927.

Suit in equity against the receiver of the State Bank of New Hampton, to establish a preferred claim against the insolvent bank. The suit is prosecuted by the county of Chickasaw and by its county treasurer, on the theory that the funds in question, though deposited in the name of another, were in fact funds of Chickasaw County. Upon hearing before the district court, the claim of preference was denied, and the petitioners have appealed.—*Affirmed.*

*R. P. Blankenheim,* for appellants.

*John Fletcher,* Attorney-general, *John H. Howard,* and *Blythe, Markley, Rule & Clough,* for appellee.

EVANS, C. J.—I.  The State Bank of New Hampton closed its doors on December 27, 1924. On December 5, 1924, Ward B. Hammond, as clerk of the district court of such county, de-

**1. TRUSTS: establishment: deposit of official funds.** posited to the credit of his account, as clerk, in the said State Bank, a check for $1,000, which he had received in payment of a fine, and for which an accounting would be due from him on January 1st next following. The bank official receiving the deposit was informed of the source of the check, and of the fact that the depositor held it only in his official capacity. The theory upon which the claim is pressed by the appellants is that Hammond held the check in trust only; that, the bank official knowing that fact when he received the same, the bank itself became a trustee, to the same extent that the depositor was a trustee; and that this is so whether the deposit was rightful or wrongful on the part of the depositor; that, if this be not so, the deposit *was* wrongful because no authority is conferred by law upon the clerk to deposit the trust funds in his hands. The argument in support of this theory is predicated largely upon some of our early decisions. There was a time in the early history of this state when the deposit in a bank of a trust fund by a trustee was deemed a technical conversion and a breach of duty on the part of the trustee. *Lowry v. Polk County,* 51 Iowa 50; *Independent Dist. of Boyer v. King,* 80 Iowa 497. But this position was later abandoned, as wholly untenable. *Hunt v. Hopley,* 120 Iowa 695; *Officer v. Officer & Pusey,* 120 Iowa 389. In the cited cases we held that the depositing of funds by a trustee in a reputable bank was an act of prudence, rather than of negligence. This holding was applied to a general deposit, as distinguished from a special one, provided that the deposit was made in the name of the trustee, as such. We held also that such general deposit did not constitute the bank a trustee, nor establish privity between the bank and the beneficiary; but that the trustee became a general depositor, and sustained the same relation to the bank as any other such depositor. Such has been the recognized law in this state since the decisions in the above cited cases. *Hanson v. Roush,* 139 Iowa 58; *Brown v. Sheldon State Bank,* 139 Iowa 83; *Hansen v. Independent Sch. Dist.,* 155 Iowa 264; *School Township of Eden v. Stevens,* 158 Iowa 119; *Incorporated Town of Conway v. Conway,* 190 Iowa 563; *In re Estate of Workman,* 196 Iowa 1108; *Leach v. Beazley,* 201 Iowa 337. It must be held, therefore, that the bank

did not receive the check as trustee for Chickasaw County. This of itself would sustain the ruling of the lower court.

II. There is a further reason why the appellants may not prevail. They contend that the cash in the bank had never been reduced to a point below the amount of the deposit, and that the amount of such cash in the bank on the day of its closing was slightly in excess of $4,000. The contention is that they have, therefore, traced their check into the cash resources of the bank on the day of its closing. But it is to be noted from the record that the deposit of the check did not increase the cash resources of the bank on the day of the deposit. The check was passed by the bank into the clearing of the day. The result of the day's clearing left a balance in favor of the State Bank of $1,546, for which it received, not cash, but a draft. This draft was sent by the State Bank to the Merchants' National Bank of Cedar Rapids, its correspondent bank, for which it received a credit in its account at that bank. This credit was later wholly absorbed by the indebtedness of the State Bank to the Cedar Rapids bank. The receiver never received any remnant from said Cedar Rapids bank.

2. BANKS AND BANKING: trust funds: negativing augmentation of assets.

The appellants lay some stress at this point upon an alleged discrepancy in the evidence, in that, on December 27, 1924, the books of the Cedar Rapids bank for that day showed, in its current account, a credit balance in favor of the State Bank for more than $2,000. This is not necessarily inconsistent with the testimony of the examiner, that on that day the State Bank had, in fact, an overdraft of more than $1,500 at the Cedar Rapids bank. The state of the books at any particular hour necessarily falls short of showing the exact relation of the parties. Bookkeeping follows the event, and is necessarily a few hours behind. Events of to-day may go upon the books of to-morrow. Items in transition will carry varying dates upon the respective books.

The *fact* disclosed by this record is that the State Bank had an overdraft, and not a balance, at the Cedar Rapids bank. The result is that the $1,000 check has been clearly traced into the field of dissipation.

Other points argued need not be considered. The reasons here indicated are conclusive on the result.

The judgment below is, accordingly, affirmed.—*Affirmed.*

STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.