Weygandt, C. J.
 

 The operative facts in each case are simple and require no extended treatment. Each plaintiff occupied the office of sheriff of his county; each had an account with his bank, and carried it simply in his own name as sheriff; into his account each currently deposited and subsequently withdrew therefrom the various monies that passed through his hands by reason of his official duties; and, furthermore, neither made a special contract with reference to the relationship existing between himself and his bank. Counsel agree that each sheriff received his money in the capacity of trustee for the individuals for whom it was held. But it is important to note that these are not actions between the sheriffs and their
 
 cestuis que trustent;
 
 neither are they actions between these
 
 cestuis que trustent
 
 and the banks. It must at all times be kept in mind that they are actions simply between the sheriffs and their banks, now in the hands of the Superintendent of Banks for liquidation. Of course, each sheriff could have entered into a definite trust relationship between himself and his bank irrespective of whether the funds passing* through his hands were held by him in trust. But no such situation is involved in the instant cases.
 

 Under the circumstances here existing, what was the relationship between the sheriffs and their banks? Was it that of trustee and
 
 cestui que trust,
 
 or was it merely that of debtor and creditor? Was a new trust relationship automatically created between the sheriffs and the banks because of the single fact that such a relationship already obtained between the sheriffs and the various persons for whom these monies were held? It is urged by the sheriffs that the situation is controlled by Section 12875, General Code, the pertinent part of which reads as follows: “Nor shall the pro
 
 *460
 
 visions of section twelve thousand, eight hundred and seventy-three, make it unlawful for a county auditor, county treasurer, probate judge, sheriff, clerk of courts, or recorder, to deposit fees and trust funds coming into their custody as such officers as above, until such time' as said aforesaid officers are required to make payment of the official earnings of their offices, so deposited, into their respective fee funds as required by section twenty-nine hundred and eighty-three, and until such time as the trust funds, so held by them in their official capacities, may be paid to the person, persons, firms, or corporations, entitled to same, and any interest earned and paid upon said deposits shall be apportioned to, and become a part of said fees or trust funds, and shall in no instance accrue to, and be received by, the official making said deposits, for his own use.” However, from a study of this language it is readily apparent that the mere authorization to deposit trust funds does not in any manner control the nature of the relationship between the sheriff and the bank. Furthermore, it creates no depositary for a sheriff.
 

 It is a fundamental rule of trust and banking law that a deposit in a bank, unless it appear otherwise, will be presumed to be a general one; thus, a deposit to the account of the depositor without being complicated by a special contract as to when, how, to whom or under what circumstance, or upon whose order, it is to be paid out, is a general deposit; if any other kind of deposit is claimed to have been made, it should specially set forth what sort of deposit it is. 5 Ohio Jurisprudence, 380.
 
 Bank of Marysville
 
 v.
 
 Windisch-Muhlhauser Brewing Co.,
 
 50 Ohio St., 151, 33 N. E., 1054, 40 Am. St. Rep., 660. Inasmuch as the instant cases involve no special contract the deposits are presumed to be general.
 

 It is also a general rule of law that the mere fact that the funds deposited in a bank are held by the
 
 *461
 
 depositor in a fiduciary capacity does not, if they were properly deposited, impress upon them a trust in the hands of the bank so as to entitle the depositor to a preference in the event of the insolvency of the bank. Vol. 1, Perry on Trusts, 175; 37 A. L. R., 120; 53 A. L. R., 564;
 
 McLain
 
 v.
 
 Wallace, Recr.,
 
 103 Ind., 562, 5 N. E., 911;
 
 Shaw
 
 v.
 
 Bauman et al., Exrs.,
 
 34 Ohio St., 25.
 

 In the case of
 
 Officer
 
 v.
 
 Officer,
 
 120 Iowa, 389, 94 N. W., 947, 98 Am. St. Rep., 365, the deposit was made in the name of the executor, as such. The third paragraph of the syllabus reads: “Where an executor makes a general deposit of trust funds in a solvent bank, neither he nor the
 
 cestui que trust,
 
 in case of a failure of the bank, has any preference over other creditors, though the bank knew the character of the deposit.”
 

 To the same effect is the following syllabus in the case of
 
 Paul
 
 v.
 
 Draper,
 
 158 Mo., 197, 159 S. W., 77: “A fund deposited in a bank by a guardian and curator of minors known by the bank to be so deposited by him as trustee for them, can not be paid in preference to the claims of other depositors, unless there is something in the circumstances of the deposit to constitute it a special deposit (that is, something which precludes the bank from mingling it with the general moneys of the bank), for if it was a general deposit the title thereto passed to the bank and the relation of debtor and creditor between the bank and guardian was created, and not that of trustee and
 
 cestui que trust.”
 

 Of like import is the following language in the syllabus of the case of
 
 People, ex rel. Nelson,
 
 v.
 
 Home State Bank,
 
 338 Ill., 179, 170 N. E., 205: “A general deposit is a deposit generally to the credit of the depositor, to be drawn upon by him in the usual course of the banking business, while a special deposit is a deposit for safe keeping, to be returned intact on
 
 *462
 
 demand or for some specific purpose not contemplating a credit on general account; and a deposit in a bank is presumed to be a general deposit in tbe absence of an agreement to tbe contrary.
 

 ‘ ‘ Tbe facts tbat funds in tbe bands of a fiduciary are deposited as trust funds and tbat tbe depositor is described in tbe pass-book by words indicating bis fiduciary character do not, alone, render tbe deposit special, and in tbe absence of evidence making tbe deposit special tbe depositor becomes a creditor of the bank and stands upon tbe same footing as other creditors and is entitled to no preference, the bank simply becoming indebted to him in bis representative capacity.”
 

 Counsel for tbe plaintiffs rely upon tbe decision of this court in tbe case of
 
 Smith
 
 v.
 
 Fuller,
 
 86 Ohio St., 57, 99 N. E., 214, L. R. A., 1916C, 6, Ann. Cas., 1913D, 387, in which the court impressed a trust upon tbe funds deposited in a bank by trustees. However, tbat case is distinguishable from tbe instant cases in tbat tbe trustees were held to have no authority to make a general deposit.
 

 Consistent with tbe foregoing views tbe judgment of tbe Court of Appeals in tbe Putnam county case is affirmed, and tbat in tbe Delaware county case is reversed and final judgment entered for the plaintiff in error.
 

 Judgment reversed in Cause No. 24627.
 

 Judgment affirmed in Cause No. 24823.
 

 Stephenson, Jones, Matthias, Bevis, Zimmebman and Wilkin, JJ., concur.