Zimmerman, J.
 

 Plaintiff in error rests his case upon two principal grounds.
 
 First,
 
 that since the Trust Company accepted the funds for deposit with express knowledge of their source and with knowledge of the purpose for which they were to be used, a special deposit, constituting a trust, was created, which is entitled to preferential payment.
 
 Second,
 
 that the deposit of the funds was unauthorized, and consequently the well recognized principle applies that where a custodian of public or other trust funds deposits the same wrongfully or unlawfully in a. financial institution which knows the nature thereof, such funds are impressed with a trust and given a preferential rating.
 

 We shall discuss these contentions in the order stated, and our first inquiry will be devoted exclusively to the character of the deposit made.
 

 The presumption is that the deposit of money in a bank is general.
 
 Bank of Marysville
 
 v.
 
 Windisch-Muhlhauser Brewing Co.,
 
 50 Ohio St., 151, 33 N. E., 1054, 40 Am. St. Rep., 660;
 
 In re Warren’s Bank,
 
 209 Wis., 121, 244 N. W., 594;
 
 People
 
 v.
 
 Home State Bank,
 
 338 Ill., 179, 170 N. E., 205; 3 Ruling Case Law, 517.
 

 The burden of proof is therefore upon the depositor to show a special deposit.
 
 Fralick, Commr. of Finance,
 
 v.
 
 Couer D’Alene Bank & Trust Co.,
 
 36 Idaho, 108, 210 P., 586;
 
 Fred A. Bostwell Post, American Legion,
 
 v.
 
 Farmers’ State Bank
 
 (Mo. App.), 61 S. W. (2d), 761.
 

 Three classes of deposits are recognized by law:
 
 *489
 
 (1) general deposits; (2) special deposits, and (3) deposits for a specific purpose. The last named class is frequently included under the head of special deposits. These three classes are succinctly defined in the case of
 
 Corporation Commission
 
 v.
 
 Merchants Bank & Trust Co.,
 
 193 N. C., 696, 699, 138 S. E., 22, 24, as follows:
 

 “A general deposit is the payment of money into a bank to be repaid upon demand; the deposit creates between the bank and the defendant [depositor] the relation of debtor and creditor; the relation is legal; the money passes from the depositor to the bank and is mingled with other money, the entire amount forming a general fund from which depositors are paid. Deposits of this character are free from any ‘trust quality,’ and the depositor, in the event of the bank’s insolvency, has no right of preference, but must share pro rata with general creditors. * * *.
 

 “A special deposit is a deposit for safe-keeping, to be returned intact on demand — a naked bailment, the bank acquiring no property in the thing deposited and deriving no benefit from its use. The title remains in the depositor, who is a bailor and not a creditor of the bank * * *.
 

 “A deposit for a specific purpose is made when money or property is delivered to a bank to be applied to a designated object, or for a purpose which is particularly defined, as, for example, the payment by the bank of a specified debt. It is neither general nor wholly special. It partakes of the nature of a special deposit to the- extent that the title remains in the depositor, and does not pass to the bank. The consequence is that the money, if not applied, or if misapplied, may be recovered as a trust deposit.”
 

 To constitute a special deposit the authorities are generally agreed that the depositor and the bank, at the time the deposit is made, must intend that such deposit shall remain segregated and not be commingled with the general funds of the bank, nor used by the bank
 
 *490
 
 in accordance with the ordinary customs and usages of banking practice; and, further, there must be an agreement, express or implied, that such deposit shall not constitute a part of the general funds of the bank, subject to its use and control in the usual and customary course and prosecution of its business.
 
 Parker
 
 v.
 
 Central Bank & Trust Co. of Asheville,
 
 202 N. C., 230, 162 S. E., 564;
 
 First National Bank of Ranger
 
 v.
 
 Price
 
 (Tex. Civ. App.), 262 S.
 
 W.,
 
 797, 801;
 
 Borgess Hospital
 
 v.
 
 Union Industrial Trust & Savings Bank of Flint,
 
 265 Mich., 156, 251 N. W., 363.
 

 The earlier eases adopted the view that a special deposit contemplated the return of the identical thing deposited, even though it was money. They held that if a special deposit of money was commingled with the general funds of the bank its identity was thereby lost and it became a general deposit. Modern authorities are for the most part more liberal, and hold that if a special deposit of money is made, which becomes commingled with the general funds of the bank, the special character of the deposit is not destroyed by that fact alone.
 
 Fogg
 
 v.
 
 Tyler,
 
 109 Me., 109, 82 A., 1008, 39 L. R. A. (N. S.), 847, Ann. Cas., 1913E, 41;
 
 In re Warren’s Bank, supra.
 
 However, we do not understand any of the authorities to hold that a special deposit must not have been originally intended by agreement of the parties, contemplating its segregation and separation from the general funds of the bank.
 
 First National Bank of Ranger
 
 v.
 
 Price, supra,
 
 801.
 

 Bearing in mind what has already been said, was a special deposit accomplished in the instant case?
 

 The bare fact that the money was deposited by plaintiff in error in his official capacity as Clerk of Courts did not make the deposit a special one.
 
 People
 
 v.
 
 Farmers State & Savings Bank,
 
 338 Ill., 134, 170 N. E., 236;
 
 People
 
 v.
 
 Home State Bank, supra;
 
 7 Corpus Juris, 634; 3 Ruling Case Law, 518. Nor did the additional fact that there was an established trust relation
 
 *491
 
 ship between plaintiff in error and his
 
 cestui que trust
 
 have anything to do with establishing a trust relationship between plaintiff in error and the Trust Company. Any trust relationship between the latter two was wholly a matter of independent creation on their part.
 
 People
 
 v.
 
 Farmers State & Savings Bank, supra; Paul
 
 v.
 
 Draper,
 
 158 Mo., 197, 59 S. W., 77, 81 Am. St. Rep., 296. Thej proposition is stated as follows, in the case of
 
 Pethybridge
 
 v.
 
 First State Bank of Livingston,
 
 75 Mont., 173, 179, 243 P., 569, 571:
 

 “The trust relation, which will impress upon a deposit the character of a special deposit, is not the relation existing between the depositor of a trust fund and his
 
 cestui que trust,
 
 but that existing between the
 
 bank
 
 and the depositor.”
 

 Of course, what has just been said concerning plaintiff in error as Clerk of Courts is equally applicable to his immediatel predecessor in office.
 

 In the instant case, the character of the funds deposited and their intended disposition was communicated to the Trust Company,
 
 but there was no request or direction by the depositor to the Trust Company that it should keep the funds separate and apart from other money in the bank.
 
 The funds were placed in an ordinary savings account, and the fact that the Company paid an agreed rate of interest upon the account has a decided tendency to show the Company’s privilege of using the money without restriction. No agreement of any kind is disclosed between the Trust Company and the depositor as to keeping the funds intact and segregated, and that is the principal factor which constrains us to hold that the deposit was general and not special. The Supreme Court of Illinois reached the same conclusion upon a similar state of facts in
 
 People
 
 v.
 
 Farmers State & Savings Bank, supra.
 
 And compare
 
 Commercial National Bank of Sturgis
 
 v.
 
 Smith, Supt. of Banks,
 
 — S. D., —, 244 N. W., 521.
 

 
 *492
 
 The information imparted to the Trust Company as to the nature of the funds and the application to be made of them by the Clerk of Courts was a step toward establishing a special deposit, but it did not go far enough to accomplish that object.
 

 There are many illustrative cases. We will cite two of them: In
 
 People, ex rel. Nelson,
 
 v.
 
 Seward State Bank,
 
 268 Ill. App., 32, (certiorari denied by the Supreme Court of Illinois), a township treasurer deposited money in a bank under an agreement declaring the deposit to. be a “ ‘special fund distinct and apart from all other funds held in the said bank by it as a special trustee or agent of the said school and/or Township treasurer’.” The bank became insolvent and the township treasurer claimed a preference for his deposit on -the ground that it constituted a special deposit. In denying this claim, the court said:
 

 “The moneys of this account were not, and do not appear to have been intended to be, kept separate or in any manner distinguishable from the moneys of any other account in such bank. Nor does it appear that the actual handling of the account either by the petitioner or the bank was materially different from that of any other account.”
 

 In
 
 Campion
 
 v.
 
 Big Stone County Bank,
 
 177 Minn., 51, 224 N. W., 258, a village treasurer deposited in a bank the proceeds derived from the sale of certain bonds. The account was designated “ ‘Village of Graceville (Street and Well Fund)’.” There was a definite understanding that the money so deposited was to be used solely for the purpose indicated. The bank failed and the treasurer claimed a preference. His claim was denied, the court taking the view “that the deposit was not a special deposit entitling the treasurer to a preference over other creditors.”
 

 A further discussion of the different classes of deposits may be found in 5 Ohio Jurisprudence, 378,
 
 et
 
 
 *493
 

 seq.;
 
 3 Ruling Case Law, 516,
 
 et seq.;
 
 7 Corpus Juris, 628,
 
 et seq.
 

 We now come to the second proposition. Since there was no specific authorization, statutory or otherwise, for the clerk to make a general deposit of the funds, was such deposit wrongful or illegal so as to impress upon it a trust status, within the rule that where a general deposit is wrongful or unlawful no title passes from the depositor to the bank, and the deposit becomes a trust account? The Ohio case lending support to plaintiff in error’s claim in this respect is
 
 Smith
 
 v.
 
 Fuller,
 
 86 Ohio St., 57, 99 N. E., 214, Ann. Cas., 1913D, 387, L. R. A., 1916C, 6, decided in 1912, in which it was held that trustees appointed by a court to wind up and settle the affairs of an insolvent savings company, who deposited funds of such savings company in a bank, without a proper court order, were guilty of a violation of duty;, but where the funds so deposited were evidenced by a certificate of deposit, not subject to check and bearing no interest, the presumption would be indulged, in absence of proof to the contrary, that the trustees did not mean to violate their duty and that the deposit was intended as a special and not as a general deposit. It was further decided in this case that the bank having mingled the funds of the trustees with its own funds, upon its failure the trustees were entitled to recover their deposit as a preferred claim, providing that at all times from the making of the deposit to the failure of the bank there was in its vaults money of an amount and value equal to the amount deposited by the trustees.
 

 We do not regard
 
 Smith
 
 v.
 
 Fuller
 
 as strictly analogous to the case under consideration, and we cannot escape the conclusion that it was closely decided upon its particular facts. The money deposited being represented by a non-interest bearing certificate of deposit probably influenced the decision considerably. If there
 
 *494
 
 had been an ordinary savings account bearing interest, the conclusion might well have been different on this point, for such would have been a substantial indication that it was intended the bank should have the right to use the money in its general business. In
 
 Smith
 
 v.
 
 Fuller
 
 every doubt was resolved in favor of the trustees, and we are unwilling to extend the doctrine of that case beyond the peculiar facts there developed.
 

 Let us consider briefly the position of plaintiff in error and his predecessor in office in relation to the funds in question. Section 2976-7, Greneral Code, provides that in appropriation proceedings by a board of park commissioners such proceedings shall be conducted in the manner provided for the appropriation of private property by municipal corporations, in so far as the same are applicable. By Section, 3686, Greneral Code, a municipal corporation in an appropriation proceedings is authorized to take possession of the appropriated property “As soon as the corporation shall have paid the compensation assessed, or secured its payment by a deposit of money under order of the court.”
 

 By virtue of this section the Court of Common Pleas made an order in the case of
 
 Board of Park Commissioners of The Cleveland Metropolitan Park District
 
 v.
 
 The Glen Valley Club et al.,
 
 after the rendition of a verdict assessing compensation, “that plaintiff upon payment within six months from the entry hereof or the deposit of the aggregate amount of said verdict with the Clerk of Courts” shall be put in possession of the appropriated property.
 

 Section 3695, Greneral Code, provides for the prosecution of error from the trial court to higher courts, and gives the appropriating corporation the right to take and use the appropriated property, upon payment or deposit of the compensation assessed, and upon giving adequate security for any further compensation or costs.
 

 
 *495
 
 Section 2899, General Code, states the general duties of the clerk of courts, as follows: “The clerk of each of the courts shall exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law; and in the performance of his duties he shall' be under the direction of his court. ’ ’
 

 While Section 12875, General Code, relates to criminal prosecution for embezzlement, it provides that it shall not be unlawful for a clerk of courts to deposit trust funds until such time as he is required to pay them to the one entitled thereto.
 

 There can be no question that the funds came into the hands of the plaintiff in error and his predecessor in office, properly, and we revert to the question: In the absence of express authority, could such funds be lawfully placed in the Trust Company on general deposit?
 

 The precise situation has never been before this court, but it has been met by the Supreme Courts of Kansas, Iowa and Washington. The third and fourth paragraphs of the syllabus in the case of
 
 Phillips
 
 v.
 
 Yates Center National Bank,
 
 98 Kan., 383, 158 P., 23, L. R. A., 1917A, 680, read as follows:
 

 “3. Where public funds are deposited in violation of law in a bank which has knowledge of the facts, the title does not pass, and a trust results which in case of insolvency may be enforceable against the receiver.
 

 “4. In the absence of a statute either expressly allowing or expressly forbidding it, the act of the clerk of the district court in placing the funds in his official custody on general deposit in a bank, to his credit as such officer, is not illegal, and therefore the title passes and no trust results.”
 

 The same conclusion was reached in
 
 Andrew
 
 v.
 
 State Bank of New Hampton,
 
 204 Iowa, 878, 216 N. W., 1, as to public funds in the hands of the clerk of a court, which he deposited in a bank in his official capacity.
 
 *496
 
 And see
 
 Kies
 
 v.
 
 Wilkinson,
 
 101 Wash., 340, 172 P., 351.
 

 Other authorities sustain the general proposition that where public funds or other trust funds come into the hands of a public official, and the law makes no specific provision as to what shall be done with them, such official has the right to place such funds on deposit in a reputable bank. Such deposit is not illegal or wrongful, the deposit is general in the absence of any sufficient agreement making it otherwise, the relation of debtor and creditor is created between the bank and the official, and upon the insolvency of the bank the deposit is not entitled to preference.
 
 City of Sturgis
 
 v.
 
 Meade County Bank,
 
 38 S. D., 317, 161 N. W., 327;
 
 Incorporated Town of Conway
 
 v.
 
 Conway,
 
 190 Iowa, 563, 180 N. W., 677; 7 Corpus Juris, 634.
 

 Of course where a public official makes a deposit of public funds in direct contravention of law, the result is exactly opposite, as is illustrated by the case of
 
 Board of Commissioners of Crawford County, Ohio,
 
 v.
 
 Strawn
 
 (6th C. C. A.), 157 F., 49, 84 C. C. A., 553, 15 L. R. A. (N. S.), 1100.
 

 Where there is no express denial of the right, the practice of public officials in making general deposits of public or other trust funds coming into their official custody and control is customary and in accord with modern business usages.
 

 We hold that the deposit of the funds in this case' constituted a general deposit, establishing the relationship of debtor and creditor between The Guardian Trust Company and the plaintiff in error; that such deposit, not being prohibited, was neither wrongful nor illegal within the proper meaning of those terms, and that no preference resulted in favor of the plaintiff in error. Having reached this conclusion, it becomes unnecessary to consider or determine other questions presented in the briefs and oral arguments of counsel.
 
 *497
 
 Accordingly, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Beyis and Wilkin, JJ., concur.