Williams, J.
 

 It has been pointed out by this court that a lawful general deposit in a bank gives rise to the relation of debtor and creditor between the bank and the depositor.
 
 Busher, Clerk,
 
 v.
 
 Fulton, Supt. of Bks.,
 
 128 Ohio St., 485, 191 N. E., 752.
 

 In the instant case, however, it is asserted that the deposit was special and that the trust company held the amount of the deposit in trust for those entitled thereto at . the time the banking institution went on a
 
 *586
 
 restricted basis, which ended in its being taken over for liquidation by the Superintendent of Banks.
 

 The written escrow agreement by which the sale of the real estate was effected was not out of the ordinary, and the transaction was completed, save that the purchase money received by the trust company and held on deposit in the account awaited distribution.
 

 Were there no provision in the escrow agreement as to how the trust funds should be handled pending distribution, it would be necessary to direct our inquiry to the bearing- of
 
 McDonald, Admr.,
 
 v.
 
 Fulton, Supt. of Bles.,
 
 125 Ohio St., 507, 182 N. E., 504, which construes Section 710-165, G-eneral Code, prior to its amendment effective June 14, 1933.
 

 The escrow agreement, it appears, contained a provision by which the trust company was authorized to receive the escrow funds, and, pending the disbursement thereof, to use them in the ordinary and usual course of its business. Acting accordingly, the trust company deposited the money received under the escrow, in a non-interest bearing commercial account in the banicing department in the name of the trust company itself, followed by the designation “Escrow Account,” as asserted in the statement of facts, and thus by agreement commingled the funds with the money of general depositors. Such consent to the use of the money in the banking business necessarily implies that absolute title to the money passed to the trust company.
 

 It was held in
 
 Squire, Supt. of Banks,
 
 v.
 
 Oxenreiter, ante,
 
 475, that, on the deposit of money in a bank for a special purpose, the bank is trustee or bailee of the money if it is the understanding of the parties that the money deposited is not to be used by the bank for its own purposes.
 

 By logical processes of thought it follows necessarily as a corollary that an agreement between the parties
 
 *587
 
 that the money deposited may he used hy the bank in its banking business makes the deposit essentially general, and gives rise to the relation of debtor and creditor. This deduction is in accord with the pronouncement of this court in
 
 Busher, Clerk,
 
 v.
 
 Fulton, Supt. of Banks, supra,
 
 as
 
 to
 
 the characteristic elements of a special deposit.
 

 In recapitulation, it may be asserted that if there is no understanding that the money shall not be used by the bank in its business, the deposit is general; and, if there is an agreement that the money deposited may be so used, the deposit is likewise general.
 

 The claim, therefore, cannot be accorded preference, and the plaintiff in error is entitled to judgment in his favor as a matter of law.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.