By the Court.
 

 By reason of a stipulation there is no controversy as to the controlling facts in this case. Nor is there a dispute about the principles of law involved. As so frequently happens, the difficulty here encountered is that of applying the. law to the facts.
 

 Briefly, the plaintiff claims' that its money constituted a special deposit. Is this correct?. The Court of Appeals so held.
 

 On January 4, 1933, The Land Title Guarantee
 
 &
 
 Trusty Company opened a commercial or so-called checking account with The Guardian Trust Company. It was designated “The Land Title Guarantee & Trust Co. Escrow Acct. ’ ’ With the exception of the use of the words “Escrow Acct.” the plaintiff makes no claim that there was anything unusual or extraordinary about the nature of the transaction in opening the account. On the preceding day the board of directors of The Land Title Guarantee & Trust Company had adopted a resolution designating The Guardian Trust Company as depository óf the “moneys, deposits, credits or property of this corporation.” A certified copy of the resolution was' furnished to The Guardian Trust Company. Thereafter various withdrawals and deposits were made in the usual manner. The latter included the $35,000 involved in this litigation. This deposit was made approximately one and one-half months after the account was opened.
 

 However, on January 16, 1933, The Land Title
 
 *119
 
 Guarantee & Trust Company wrote the following letter to The Guardian Trust Company:
 

 “In order that our files may be complete, we desire a letter from The Guardian Trust Company similar to a letter furnished The Guarantee Title & Trust Company by you to the effect that funds now or hereafter deposited with you in our escrow account belong to customers of this company and are not the property of this company and that your company will have no claim whatsoever in any deposits made in said escrow account. ’ ’
 

 Ten days later The Guardian Trust Company replied ,as follows:
 

 “We understand that monies now on deposit or which may hereafter be on deposit in The Guardian Trust Company under the title of The Land Title Guarantee & Trust Company, escrow agent, are not the property of The Land Title Guarantee & Trust Company, that it has no interest in any funds so deposited except as trustee or escrow agent as the funds belong to various customers of The Land Title Guarantee & Trust Company, and that we have no claim whatsoever on any deposits made by the company as escrow agent.”
 

 After The Guardian Trust Company was placed upon a restricted basis interest was credited to the account on four occasions. However, an officer of The Land Title Guarantee & Trust Company testified that this was done without his knowledge.
 

 No difficulty is encountered in holding that when The Land Title Guarantee & Trust Company opened its commercial or so-called checking account with The Guardian Trust Company a simple relationship of debtor and creditor was established. The single fact that The Land Title Guarantee & Trust Company held the funds in escrow or in trust was unimportant. In conformity with the general rule this court has held consistently that “when a trustee properly deposits
 
 *120
 
 trust funds in a bank they are not thereby impressed with a new trust solely by reason of their original trust nature.”
 
 State, ex rel. Fulton, Supt. of Banks,
 
 v.
 
 Main, Sheriff,
 
 128 Ohio St., 457, 191 N. E., 742. Furthermore, the rule is the same when the trust nature of the funds is known by the bank.
 
 Squire, Supt. of Banks,
 
 v.
 
 Oxenreiter,
 
 130 Ohio St., 475, 200 N. E., 503. It depends upon the manifested intention of the parties whether a trust or a debt is created. Equally elemental is the principle that in' the absence of evidence to the contrary a deposit in a bank is presumed to be general in its nature. Then too, at the time the account was opened the resolution adopted by the board of directors of The Land Title Guarantee & Trust Company referred to the funds as the “property of this corporation.”
 

 The chief emphasis of the plaintiff is upon the effect of the subsequent correspondence quoted above. The plaintiff stresses the language “we desire a letter # * * to the effect that * * * your company will have no claim whatsoever in any deposits made in the said escrow account” and “we understand * * * that we have no claim whatsoever on any deposits made hy the company as escrow agent.” However, a careful study of the latter letter discloses that The Guardian Trust Company simply said it made “no claim whatsoever on any deposits” in this account,’and it is important' to observe that at no time has such a claim been made. Apparently The Land Title Guarantee & Trust Company wanted to protect its escrow account against any obligation it might owe The Guardian Trust Company. In any event, nothing was even intimated about changing the original nature of the commercial account. As this court held in the case of
 
 Busher, Clerk,
 
 v.
 
 Fulton, Supt. of Banks,
 
 128 Ohio St., 485, 191 N. E., 752: “To create a special deposit, the depositor and the bank at the time the deposit is made must intend and agree, expressly or by implication, that such de
 
 *121
 
 posit shall remain segregated and not be commingled with or made a part of the general funds of the bank, or be subject to its use and control in the usual and customary course of its banking business.” The facts in the instant case fall far short of meeting this requirement for a special deposit.-
 

 The decree of the Court of Appeals must be reversed and final judgment entered for the defendants.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Myers and Matthias, JJ., concur.
 

 Williams, J., dissents.
 

 Hart, J., not participating.