Williams, J.
 

 The sole inquiry is whether the proceeds of construction-mortgage loans credited to borrowers in a general account on the books of a savings and loan association, as due borrowers (after checks for the proceeds of the respective loans have been endorsed by the mortgagors and turned back to the association) with no names of individual borrowers except as found in a breakdown showing specific transactions, constitute taxable deposits.
 

 The method of making the loans, as shown by the agreed statement and the evidence may be simply stated: The borrower executes and delivers to the association his promissory note secured by a construction mortgage and in return receives the association’s check for the full amount of the loan. Thereupon the borrower endorses the check and turns it back to the association. The amount of the check is then credited to the due-borrowers account and paid out by the association upon the order or approval of the borrower as the work of building progresses. The due-borrowers’ account in the association’s ledger does not show in detail the various transactions from which the fund derives, or the amount paid and payable on each piece of construction work or the names of the individual borrowers; but, as hereinbefore stated, a breakdown is kept which does so show.
 

 Under the statutes of Ohio the taxable deposits of financial institutions are subject to a tax of two mills. Section 5638, General Code. The taxing authorities fix the day in November for which the deposits are to
 
 *463
 
 be returned by financial institutions of the state. After notice thereof is given and the return is made the taxing authorities assess the tax upon all deposits (except such as are exempted by law) in the name of the respective financial institutions as of the day so fixed. Sections 5324, 5328-1, 5406, 5411-1, 5411-2 and 5412, General Code. The several institutions may then pass on the charges to their respective depositors in the manner provided by statute. Section 5673-2, General Code.
 

 Section 5328-1, General Code, provides: “All moneys, credits, investments,
 
 deposits,
 
 and other intangible property of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted in this title *
 
 *
 
 (Italics ours.) The remaining provisions of this section have no application here.
 

 Section 5406, General Code, so far as it is applicable to the present case, provides: “The deposits required to be returned by financial institutions pursuant to this chapter include all deposits as defined by Section 5324 of the General Code to the extent that such deposits are made taxable by Section 5328-1 of the General Code, excepting deposits belonging to the federal government or any instrumentality thereof * * It should be observed in passing that the exception quoted has no reference to instances in which the federal instrumentality is depositee.
 

 Section 5324, General Code, provides: “The term ‘deposits’ as so used, includes every deposit which the person owning, holding in trust, or having the beneficial interest therein is entitled to withdraw in money, whether on demand or not, and whether evidenced by commercial or checking account, certificate of deposit, savings account or certificates of running or other withdrawable stock, or otherwise, excepting (1) unearned premiums and surrender values under policies of insurance, and (2) such deposits in financial institu
 
 *464
 
 tions outside of this state as yield annual income by way of interest or dividends in excess of four per centum of the principal sum so withdrawable.”
 

 State taxation is, of course, controlled in its final aspect by state law. The appellant, however, is a federal savings and loan association, organized under and by virtue of the provisions of Title 12, Section 1464, U. S. Code. Such an association can raise its capital only by payments on shares of stock as authorized in its charter. It is expressly provided in that section: “No deposits shall be accepted and no certificates of indebtedness shall be issued except for such borrowed money as may be authorized by regulations of the board.” The appellant, nevertheless, had authority to lend money on construction mortgages and, in carrying out the transactions in connection with the loans and in setting aside funds in the due-borrowers account to the credit of borrowers, appellant was acting legally. Credits in that account were not “deposits” within the meaning of the federal statute; but that fact does not prevent such credits being “deposits” within the meaning of the state statute.
 

 “Deposits” under the state statute include not only special deposits, general deposits and general deposits for a specific purpose but also stock deposits, that is, deposit liabilities of a financial institution on with-drawable stock whether running or paid up.
 

 The appellant in making its return as required included all stock deposits as such but reported the credits held for borrowers under construction mortgages as a liability, namely, “due borrowers, $57,002.22.”
 

 Counsel for appellant contend that the action of the Board of Tax Appeals in approving the addition of the item of “due borrowers $57,000” (odd figures omitted) to deposits was unwarranted under the law and that the item is not a deposit.
 

 In determining the rights of the parties mere mat
 
 *465
 
 ters of bookkeeping do not control. Nor is it of consequence that tbe federal authorities had prescribed a system of accounting which appellant was required to follow. It is the contractual relations of the parties that must govern, and methods of bookkeeping and entries made are of importance only for their bearing on what the contractual rights and obligations are.
 

 If the due-borrowers credit was a taxable deposit at all, it must have been a special deposit, general deposit or general deposit for a specific purpose. A
 
 special deposit
 
 is one in which the money deposited is held in trust or bailment by the financial institution. A
 
 general deposit
 
 is one by which funds are left on deposit without specification or restriction as to use by the depositee or as to the purpose to which they may be put by or on behalf of the depositor. Such a deposit gives rise to the relationship of debtor and creditor.
 
 Fulton, Supt. of Banks,
 
 v.
 
 Escanaba Paper Co.,
 
 129 Ohio St., 90, 193 N. E., 758;
 
 Busher, Clerk,
 
 v.
 
 Fulton, Supt. of Banks,
 
 128 Ohio St., 485, 191 N. E., 752. Money deposited for a definite purpose without any agreement or understanding that it shall not be used by the depositee for its own purposes is a
 
 general deposit for a specific purpose
 
 or, as it is sometimes called, a
 
 specific deposit
 
 and creates the relation of debtor and creditor just as in the case of a general deposit.
 
 Squire, Supt. of Banks,
 
 v.
 
 American Express Co.,
 
 131 Ohio St., 239, 249, 2 N. E. (2d), 766;
 
 Squire, Supt. of Banks,
 
 v.
 
 Oxenreiter,
 
 130 Ohio St., 475, 200 N. E., 503. The credit in the due-borrowers account was certainly neither a
 
 general
 
 nor a
 
 special deposit.
 
 It is therefore necessary to inquire whether it was a
 
 general deposit for a specific purpose.
 
 If such, it is taxable.
 

 The situation is akin to leaving money borrowed from a bank in an account in the same bank to the borrower’s credit. It is a matter of common knowledge that a bank’s customer often borrows money for which
 
 *466
 
 he gives his note to the bank and the bank in consideration thereof credits his bank account with the amount of the loan. This transaction creates a dual relation. By the giving of the note, the bank becomes creditor and the borrower debtor. As to the money deposited the bank becomes debtor and the borrower creditor. In that instance the deposit is general; yet it can not be said that the relations are different when the deposit is a general one for a specific purpose. In other words the analogy holds good when the customer borrows $100 on his note, and the bank places a credit of $100 in favor of the borrower in an account to' be used only for a specific purpose but without an understanding that the money is not to be used in the business of the bank. It is not the use to which the credit is to be put that controls but the resulting creditor-debtor relationship which arises between depositor and depositee. As in the case of an ordinary general deposit, title to the funds passes to the bank and the depositor becomes a general creditor.
 

 Here, too, is the same dual relation between the borrower and the association. The construction mortgage is a valid outstanding obligation from its inception. The mortgage must be returned as a part of the association’s assets and considered in determining the book value of shares of invested capital upon which the association is taxable, regardless of the amount, if any, advanced from the due-borrowers account in payment for construction. If the promissory note, by which the mortgage indebtedness is evidenced, is to be regarded, interest runs from the date of the note on any unpaid balance whether the full amount of the principal or less. The fact that interest is not in practice charged to the borrower until the money is actually paid out can not change the nature of the contractual obligations by which the parties are bound. Likewise the amounts to the credit of that account in
 
 *467
 
 favor of the respective borrowers as shown by the breakdown are general deposits for a specific purpose and must be treated accordingly.
 

 There is, however, another difficulty which is apparent rather than real.
 

 Appellant being a federal savings and loan association was an instrumentality of the federal government. Under the “doctrine of federal supremacy” the assets, franchise and property of such an instrumentality can not be taxed without the assent of Congress.
 
 People
 
 v.
 
 Weaver,
 
 100 U. S., 539, 543, 25 L. Ed., 705;
 
 Clement National Bank
 
 v.
 
 Vermont,
 
 231 U. S., 120, 58 L. Ed., 147, 34 S. Ct., 31. There is, moreover, no federal statute which permits the state to tax deposits in a federal savings and loan association. If the tax were made the absolute liability of the association, a real difficulty would confront us. As the matter stands the association’s liability is primary but not absolute.
 

 The intent of the state statutes is to make the financial institution the collector of the tax on deposits. It must be borne in mind that a
 
 specific deposit
 
 (like a
 
 general deposit
 
 and unlike a
 
 special deposit)
 
 is a credit in favor of the depositor and a debt against the depositee. It is a mere chose in action. Evidently the Legislature meant to tax the credit at its source. So the tax is assessed in the name of the deposite,e and provision made for passing it on to the depositor. Thus it is the credit which is taxed and the creditor, that is, the depositor, is required ultimately to bear the burden. The fact that the depositee may elect not to pass the charge on, as is often the case, cannot affect the legal rights of the parties. By this method of taxation no burden is thrown upon the federal instrumentality in transgression of federal law. See
 
 Colorado Natl. Bank
 
 v.
 
 Bedford,
 
 310 U. S., 41, 84 L. Ed., 1067, 60 S. Ct., 800.
 

 Since the credits in the due-borrowers account are
 
 *468
 
 taxable as deposits, the decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.