Turner, J.
 

 The question here presented is whether such accounts and credits arising in the manner above indicated were properly taxable as deposits. Section 5324, General Code, provides as follows:
 

 “The term ‘deposits’ as so used, includes every deposit which the person owning, holding in trust, or having the beneficial interest therein is entitled to withdraw in money, whether on demand or not, and whether evidenced by commercial or checking account, certificate of deposit, savings account or certificates of running or other withdrawable stock, or
 
 otherwise,
 
 excepting (1) unearned premiums and surrender values under policies of insurance, and (2) such deposits in financial institutions outside of this state as yield annual income by way of interest or dividends in excess of four per centum of the principal sum so with-drawable.” (Italics ours.)
 

 In the case of
 
 Merchants & Mechanics Federal Savings & Loan Assn. of Springfield
 
 v.
 
 Evatt, Tax
 
 Commr., 138 Ohio St., 457, 35 N. E. (2d), 831, 135 A. L. R., 1474, this court held:
 

 “Where a federal savings and loan association makes a loan secured by a construction mortgage and, after
 
 *619
 
 receiving back the check for the proceeds of the loan from the borrower properly endorsed by him, places-the amount thereof to the credit of a due-borrowers account, for which a so-called breakdown is kept showing the various transactions with the amounts paid or payable to each borrower, the credits in the due-borrowers account are general deposits for a specific purpose and taxable as such.”
 

 The material facts in the foregoing case differ from the facts in the instant case only in that in the former case the borrower assigned the proceeds of the loan by the endorsement of a check while in the instant case the borrower assigned the proceeds of the loan by a written assignment. We are of the opinion that this is a distinction without a difference.
 

 It is the contention of appellant that when the borrower executes the so-called breakdown sheet he relinquishes all control over the money which has been realized from his loan and, therefore, such amount so assigned to appellant ceases to be a deposit within the meaning of Section 5324, General Code.
 

 This contention ignores entirely the fact that the fund still belongs to the mortgagor and that appellant in disbursing tlje fund acts as the mortgagor’s agent. Paragraph numbered six of the agreement reads as follows:
 

 “6. The owner hereby authorizes the association to use funds placed with it, together with the net proceeds of the loan for the payment of 'material bills, labor, and for other use and purposes in and for or incidental to the construction of said buildings, all of which funds the owner hereby assigns to the association for such purposes.”
 

 Under this agreement and assignment the borrower has a beneficial interest in the proceeds of the loan and any additional amount deposited or “placed” with appellant and is entitled through appellant as its agent
 
 *620
 
 to withdraw in money the full amount thereof for the payment of the cost of the building. If any balance is left appellant is authorized to apply that in reduction of the mortgage indebtedness.
 
 Qui facit per alium facit per se.
 

 While the word “deposit” originally connoted a bailment, that meaning has long since become obsolete in banking and no longer applies unless accompanied by some modifying term such as “special deposit” or “deposit for a specific purpose.” Except in such special cases a deposit creates the relationship of debtor and creditor. 5 Zollman Banks and Banking, 151, Section 3154;
 
 Union Properties, Inc.,
 
 v.
 
 Baldwin Bros. Co., ante,
 
 303, 47 N. E. (2d), 983. However, the word “deposit” as defined in Section 5324, General Code, includes not only general deposits but special deposits and deposits for a specific purpose.
 

 While money is still the subject of deposits, yet the greater volume of bank deposits is created by the mere transfer of credits such as result from the deposits of checks and drafts or are such as are created by borrowings from a financial institution which, instead of passing money out to the borrower, merely credits his account with the amount borrowed.
 

 When appellant made a loan to its borrower it created a credit in the borrower’s behalf. When appellant took an assignment of that credit which was to be used on behalf of the borrower a deposit within the meaning of Section 5324, General Code, was created.
 

 Appellant being a financial institution as defined in Section 5407, General Code, and required by Sections 5411-1 and 5411-2, General Code, to report all taxable deposits as the term “deposits” is defined in Section 5324, General Code, which deposits are to be assessed for taxation under Sections 5328-1, 5406 and 5412, General Code, we are of the opinion that the decision
 
 *621
 
 of the Board of Tax Appeals is reasonable and lawful and such decision is hereby affirmed.
 

 Decision affirmed.
 

 Weyganbt, C. J., Matthias, Zimmerman and Bell,. JJ., concur.
 

 Hart, J., dissents.
 

 Williams, J., not participating.