Hart, J.
Appellant contends that the Ohio intangible tax on deposits is determined by the taxable status of the person having the beneficial interest therein, rather than the taxable status of the person having the right of withdrawal. Appellant claims further that the deposits in question were held by it in a fiduciary capacity only; that it had no beneficial interest therein; but that, on the other hand, they belonged to persons and governmental authorities and, therefore, were not subject to taxation.
The sole question presented is whether general deposits in out-of-state banks, withdrawable as such by a corporate depositor domiciled in Ohio, but which were held unsegregated and undesignated by such depositor as taxes collected for federal and state governments, taxes on dividends payable to aliens under provisions of the Internal Revenue Code, funds for the payment of dividends to holders of record of preferred and common shares of the depositor, declared as of a previous date but payable on a subsequent date, and royalties due to owners of oil leases, were taxable as deposits of such depositor by the taxing authorities of the state.
In support of its claim that the taxation of deposits of an Ohio depositor depends upon the taxable status of the person owning the beneficial interest therein as shown on the books of the depositor rather than upon the taxable status of the depositor, appellant cites the case of Ohio Citizens Trust Co. v. Evatt, Tax *379 Commr., 146 Ohio St., 30, 63 N. E. (2d), 912, wherein this court held:
“Money and funds collected by the Superintendent of Banks in the process of liquidation of a closed bank, or money and funds collected by the Superintendent of Building and Loan Associations in the process of liquidation of a closed building and loan association, and deposited by either of them in an open financial institution fall within the definition of deposits of ‘any other financial institution’ and, under Section 5406, General Code, are not required to be returned as taxable deposits by such open financial institution.”
That case, however, dealt with the funds of a closed bank in the hands of the Superintendent of Banks, which had been deposited in an open financial institution pending the liquidation or reopening of the closed bank. This court held that those funds were still the property of the closed bank, even though deposited after the closing, and for that reason were still the funds and in fact the deposits of the closed bank in another financial institution; and that they were not taxable in the hands of the Superintendent of Banks or as funds of the open bank.
In the instant case, the funds in question had never become the property of the so-called beneficiaries because they had never been segregated, paid, or distributed to them by the appellant so that it could become a custodial agent as to the funds deposited in the out-of-state banks with ownership in each of the so-called beneficiaries.
The appellant cites also Merchants & Mechanics Federal Savings & Loan Assn. v. Evatt, Tax Commr., 138 Ohio St., 457, 35 N. E. (2d), 831, 135 A. L. R., 1474, and Second Federal Savings & Loan Assn. v. Evatt, Tax Commr., 141 Ohio St., 616, 49 N. E. (2d), 756, in support of its position. Both of those cases dealt with “due-borrowers accounts on construction-mort *380 gage loans,” where notes and mortgages had been given to the associations for the fnll amount of the loans, with an arrangement that the funds should be paid out for construction as it proceeded. This court held that a debtor-creditor and not a fiduciary relationship existed between the borrowers and the associations as to the funds in question until they were paid out, and that such funds in the interim were taxable as deposits of the borrowers.
In the instant case, no relationship existed whereby the funds in the hands of the appellant were the funds of the so-called beneficiaries or could be ordered paid out and distributed by them.
In the Merchants & Mechanics case, Judge Williams said:
‘‘In determining the rights of the parties mere matters of bookkeeping do not control. * * * It is the contractual relations of the parties that must govern, and methods of bookkeeping and entries made are of importance only for their bearing on what the contractual rights and obligations are.” .
It is a fundamental rule that taxes on intangible personal property must be assessed according to the taxable status of the owner of record of such property, unless the taxing statutes specifically exempt or otherwise direct. On this point, it is stated in 51 American Jurisprudence, 488, Section 479:
‘‘A general deposit in a bank creates the relation of debtor and creditor between the bank and the depositor, constituting intangible rather than tangible property, and the courts agree that both as a matter of constitutional law and statutory construction, such a deposit has a situs for the purposes of property taxation in the state where the depositor is domiciled.”
For the purpose of taxation, ‘‘deposits” are defined in Section 5324, G-eneral Code (Section 5701.05, Revised Code), as follows:
*381 “The term ‘deposits’ as so used, includes every deposit which the person owning, holding in trust, or having the beneficial interest therein is entitled to withdraw in money * * (Emphasis added.)
This court in the Merchants & Mechanics case defined special and general deposits as follows:
“A special deposit is one in which the money deposited is held in trust or bailment by the financial institution. A general deposit is one by which funds are left on deposit without specification or restriction as to use by the depositee or as to the purpose to which they may be put by or on behalf of the depositor. Such a deposit gives rise to the relationship of debtor and creditor. Fulton, Supt. of Banks, v. Escanaba Paper Co., 129 Ohio St., 90, 193 N. E., 758; Busher, Clerk, v. Fulton, Supt. of Banks, 128 Ohio St., 485, 191 N. E., 752. Money deposited for a definite purpose without any agreement or understanding that it shall not be used by the depositee for its own.purposes is a general deposit for a specific purpose or, as it is sometimes called, a specific deposit and creates -the relation of debtor and creditor just as in the case of a general deposit. Squire, Supt. of Banks, v. American Express Co., 131 Ohio St., 239, 249, 2 N. E. (2d), 766; Squire, Supt. of Banks, v. Oxenreiter, 130 Ohio St., 475, 200 N. E., 503.” See, also, Second Federal Savings & Loan Assn. v. Evatt, Tax Commr., supra.
Section 5328-1, General Code (Section 5709.02, Revised Code), enumerates the various classes of personal property which shall be taxed. The pertinent part of such section is as follows:
“All * * * deposits * * * of persons residing in this state shall be subject to taxation, excepting as provided in this section or as otherwise provided or exempted, in this title * *
Section 5328-2, General Code (Section 5709.03, Re: vised Code), fixes the taxable situs of certain classes *382 of property. The pertinent part of the section is as follows:
“Property of the kinds and classes herein mentioned, when used in business, shall be considered to arise out of business transacted in a state other than that in which the owner thereof resides in the cases and under the circumstances following:

it* * #

“In the case of deposits (other than such as are used in business outside of such other state), when withdrawable in the course of such business by an officer or agent having an office in such other state; but deposits representing general reserves or balances of the owner thereof, maintained for the purpose of his entire business wherever transacted, shall be considered located in the state wherein the owner resides, if an individual, * * * if a corporation, by whomsoever they may be withdrawable.”
Section 5406, General Code (Section 5725.03, Revised Code), relates to deposits returnable by financial institutions and, by reference to Section 5324, excludes from taxation certain deposits of such institutions located without the state. However, since the appellant was not and does not claim to have been a financial institution, but was a commercial corporation, these provisions have no relevancy here.
This court in the case of Cleveland & Western Coal Co. v. O’Brien, Treas., 98 Ohio St., 14, 120 N. E., 214, held:
“Money of a corporation organized under the laws of Ohio on deposit in a bank located outside of the state of Ohio is, under the provisions of Section 5328, General Code, subject to taxation in this state.”
The Board of Tax Appeals in referring to the tax-ability of the deposits in question in the instant case said:
*383 “There is a certainty that the relationship existing between Pure Oil and its depositories of these deposits is that of debtor-creditor; and that since these deposits are general one's, unsegregated in these banks for any particular purpose, Pure Oil could cause these deposits at any time to be disbursed generally in Ohio or elsewhere as it might choose. It could use any funds it possessed, wherever deposited, in payment of these sums due. Those holding the so-called beneficial interest in and to this portion of Pure' Oil’s deposits have no right to withdraw these funds. Neither may the banks withhold them from Pure Oil, or hold them for the benefit of the so-called parties having a beneficial interest. ’ ’
This court is in agreement with that statement of the facts and the law, and finds that the deposits in question- were taxable, as determined by the Board of Tax Appeals.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Middleton, Taet, Zimmerman, Stewart and Lamnbck, JJ., concur